**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PIVEG, INC., | No. 16-56003 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00981-DMS-JLB |
| v. | |
| GENERAL STAR INDEMNITY COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 6, 2018[**]
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and PRATT,[***] District Judge.

Piveg, Inc. ("Piveg") appeals from the district court's grant of summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

judgment to General Star Indemnity Co. ("General Star") on Piveg's breach of contract and related claims. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's summary judgment determination de novo and its evidentiary rulings for abuse of discretion, *see Pyramid Techs., Inc. v. Hartford Cas. Ins.*, 752 F.3d 807, 813 (9th Cir. 2014), we affirm.[1]

Piveg supplied defective astaxanthin oil to J&D Laboratories, Inc. ("J&D"). After J&D's customer NOW Foods, Inc. ("NOW") rejected softgels made from this astaxanthin oil, J&D demanded that Piveg reimburse J&D for the purchase price NOW would have paid J&D had NOW not rejected the softgels. After some negotiating, Piveg and J&D agreed that Piveg would fully reimburse J&D. Piveg initially paid J&D $5,000 and continued to make payments for several months. Piveg then tendered a claim to General Star, its insurer, based on property damage. General Star denied coverage.

General Star successfully moved for summary judgment on the ground that the insurance policy's no-voluntary payment ("NVP") provision excluded coverage to the extent Piveg "voluntarily ma[de] a payment, assume[d] any obligation, or incur[red] any expense" to resolve third-party claims without General Star's consent. Such boilerplate provisions typically secure the insurer's

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

rightful and "complete" prerogative to "control . . . the defense or compromise of suits or claims" against the unilateral commitments made by the insured. *Jamestown Builders, Inc. v. Gen. Star Indem.*, 91 Cal. Rptr. 2d 514, 517 (Ct. App. 1999) (quoting *Gribaldo, Jacobs, Jones & Associates v. Agrippina Versicherunges A.G.*, 476 P.2d 406, 415 (Cal. 1970)) (emphasis in *Jamestown Builders* omitted). Here, Piveg assumed an obligation to pay J&D the entire amount of Piveg's insurance demand without General Star's consent.  This deprived General Star of the ability to control any defense or settlement of the claim.

That Piveg and J&D may have finalized the payment terms *after* General Star denied the claim is inconsequential because explicit payment terms are unnecessary to form a contract.  *See Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037–38 (9th Cir. 2011) ("[A] contract that omits [material] terms . . . is enforceable under California law, so long as the terms it does include are sufficiently definite for a court to determine whether a breach has occurred, order specific performance or award damages." (citing *Elite Show Servs., Inc. v. Staffpro, Inc.*, 14 Cal. Rptr. 3d 184, 188 (Ct. App. 2004))).[2]  Nor does the statute of frauds render Piveg's agreement to pay J&D unenforceable, because the emails between them sufficiently memorialize their agreement.  *See* Cal. Civ. Code

---

[2] Like the district court, we need not resolve whether an "assumed obligation" clause in a policy requires an enforceable agreement between the insured and the third party.  In this case, there was.

3

§ 1624(b)(3)(A). The district court properly granted summary judgment to General Star.

The district court did not abuse its discretion by striking certain portions of Piveg's chief executive officer Roberto Espinosa's affidavit because "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (quoting *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009)). Espinosa testified consistently and in detail that Piveg and J&D reached an agreement in November 2014 regarding the payment amount. His affidavit statement that this agreement was not reached until September 2015 was clearly inconsistent with his deposition testimony.

Finally, the district court correctly resolved Piveg's good faith and fair dealing claim. To establish a breach of the covenant of good faith and fair dealing, the insured must prove that benefits owed under the policy were unreasonably and improperly withheld. *See Benavides v. State Farm Gen. Ins.*, 39 Cal. Rptr. 3d 650, 655–56 (Ct. App. 2006). However, because Piveg violated the NVP provision of the contract, General Star owed Piveg no benefits under the policy.

**AFFIRMED**.